*232 The opinion of the Court was delivered by
Harper, J.
,We are of opinion, that the decree must be reversed, and the plea overruled. The rule is familiar, that none are bound by a decree or adjudication, but parties. and privies, or those claiming under them. If A. sues B. for a specific chattel,'or a tract of land, and A. establishes his title and recovers, this is no bar to C’s. suing A. for the same chattel of land, claiming by a distinct title. It is true, that an executor, in general, represents creditors and legatees or distributees, and .they will be bound by a judgment /or or against him,-if there be no collusion. If an executor is sued for a debt, and without collusion a judgment is had against him, creditors or legatees cannot have that judgment reviewed as being erroneous. Or, if he sues a supposed debtor of the estate and fails, the same rule applies. If, in the case of Parsons against the present defendant, the decree had been,, that Parsons, as representing the estate of Thomas Whitesides, was entitled to no account against Walker as the executor of Graham ;• or if, upon an account had between them in those characters, it had been determined that nothing was due, then no doubt the present complainant would have been bound. But such was not the character of the decree. It established the right of Parsons, as representative of Whitesi/es, to an account, and on' the accounts’, being had, established a considerable amount due by Walker. It further éstablished, however, that Parsons, in his individual capacity, was indebted to Walker, and that, under an agreement between them, Walker'was entitled to set off this demand against the amount recovered by Parsons as executor of White-sides. If such an agreement appeared to the Court, no creditors of Thomas or Jane Whitesides being before them, they could do no otherwise than to give it effect. It is, as if, after obtaining the decree in his representative capacity, Parsons, by an arrangement- with Walker, had credited it with the amount, of his personal debt. If Parsons had sued as executor at law, and failed to recover, this had been conclusive, whether the recovery had been prevented by set off or any other defence. At law, *233 only mutual demands in the same right can be set off, and we can only look into the judgment to see upon what it is founded. Equity exercises a larger jurisdiction: it may, upon equitable circumstances, as upon the agreement of the parties where third persons are not likely to be injured, set off demands in distinct rights. All the proceedings in the cause go to make up the decree, and we may look into them to ascertain in what right, and upon what grounds the decree is made. The present bill does not derogate from, or seek to review the former decree. It does not controvert the fact of Parsons’ personal debt to Walker, but shews a better right to the fund out of which that debt was satisfied, to wit, Walker’s debt to the estate of Whitesides.
It is said that this is a suit by the complainant against the debtor of her debtor, and that, by the rule of law, such a suit cannot be sustained, unless in case of collusion. That is a distinct question, which does not arise under the plea. The doctrine is laid down, nearly as contended for, in Utterson vs. Mair, 2 Ves., Jr., 95, and it is said, that, in the case of an executor’s insolvency, the proper course is to have a receiver appointed. In Alsager vs. Rowley, however, 6 Ves., 748, the Chancellor seems to think that a debtor to the estate may be made party to a bill against the executor, in case of either collusion or insolvency, and he cites the case of Beckley vs. Dorrington, decided by Lord Hardwicke, in which it is said, “ the Court will interfere, if there is such special case, as collusion or insolvency.” But the present does not seem to me to come within that class of cases. It is not a case in which the executor himself could sue, or a receiver, standing in the place of an executor, and it would be to no purpose that a receiver should be appointed. It is embraced by the principle of another set of cases, which authorizes creditors or legatees, whether specific, pecuniary or residuary, to follow the assets of the estate, which have been improperly disposed of by the executor, particularly in payment of his own debt. The doctrine is very fully considered, and the previous cases on the same subject *234 referred to, in McLeod vs. Drummond, 14 Ves., 353. That was a bill by two, out of four executors, stating . that the plaintiffs, who resided in Scotland, had 'never interfered’in the management of the estate, and that certain bonds had been improperly pledged and assigned to the defendants, the Drum-monds, by the other executors in England, who had become bankrupt. . The Master of the Rolls, regarding the plaintiffs as standing in the situation of creditors or legatees, determined the case on the distinction between the transfer of assets, in satisfaction of a previous debt of the executor, and for money'advanced at the time, and as it appeared that the bonds in question had been pledged for money advanced at the- time, he dismissed the bill. Lord Eldon, 'in reviewing the decree, seems to think there, is no ground for' the distinction, provided the person advancing the money knew at the time that it was to be used for the executor’s own purposes, and not for the estate. He sustained the decree, however, on the ground that, as the. plaintiffs had reposed confidence in the other executors, and had not, for a long period, interfered in the.affair’s of the estate,, and as there were no other persons, before him, interested in the estate, as creditors or legatees, the plaintiffs could not sustain the bill. There are other circumstances relied on, as grounds of distinction, in the other Gases on- the subject, as whether the transfer were made soon after the testator’s death, or after a considerable time, when it might be presumed that, by having advanced his own money, the executor had made the assets his own. It is not necessary to enter on the cpnsideration of such circumstances.at present— we have-only to decide on the plea. There can be no doubt but that the debt due by Walker, as executor of Graham, was assets, first of the estate of Thomas Whitesides, and then o'f Jane Whitesides. It was, in effect, transferred or released to Walker, in payment of Parsons’ previous individual debt, and by Parsons’ own act. Certainly, it can make no -difference whether it was exclusively by his own act, or by his agreement, which rendered, it necessary for the Court of Equity to direct *235 it, by way of sett off. The plea must be overruled, and the defendant directed to answer, which is ordered accordingly.
Johnson and O’Nball, JJ., concurred.

Decree reversed.